UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

KATY PACZKOWSKI,
individually and on behalf of
all others similarly situated,

      Plaintiff,                     CASE NO. 18-cv-759

    v.

MY CHOICE FAMILY CARE, INC.,

      Defendant.

## COLLECTIVE AND CLASS ACTION COMPLAINT

### PRELIMINARY STATEMENT

1.  Plaintiff Katy Paczkowski brings this action, on behalf of herself and all other similarly situated employees, as a collective and class action against her former employer, Defendant My Choice Family Care, Inc. ("MCFC"), for violations of the Fair Labor Standards Act of 1938 ("FLSA"), as amended, and Wisconsin wage and hour laws. Plaintiff Paczkowski and the putative class members are, or were, Care Managers for Defendant MCFC at times since September 13, 2015. At times since September 13, 2015, MCFC has had a policy and/or practice of suffering or permitting Plaintiff Paczkowski and the putative class members to work in excess of forty hours per workweek without compensation for all hours worked. During that time, Defendant misclassified Plaintiff and the putative class members as exempt from federal and state mandated overtime pay by paying them a salary and

refusing to pay overtime pay despite Plaintiff and the putative class members routinely working in excess of forty hours per workweek. As a result of the foregoing, MCFC has failed to pay Plaintiff Paczkowski all overtime wages due under the Fair Labor Standards Act of 1938 ("FLSA") and Wisconsin wage and hour laws.

2. Plaintiff Paczkowski brings this action, individually and on behalf of other similarly-situated current and former Care Managers, as a collective action pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA") for the purpose of obtaining relief under the FLSA for unpaid overtime compensation, unpaid wages, back pay, liquidated damages, costs, attorneys' fees, and/or any such other relief that the Court may deem appropriate.

3. Plaintiff Paczkowski also brings this action, individually and on behalf of other similarly-situated current and former Care Managers, pursuant to Wisconsin wage and hour laws, Wis. Stats. §§ 109.01 *et seq.*, 104.001 *et seq.*, 103.01 *et seq.*, Wis. Admin. Code §§ DWD 272.001 *et seq.*, and DWD 274.001 *et seq.*, for purposes of obtaining relief for unpaid overtime compensation, back pay, in addition to civil penalties, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief that the Court may deem appropriate.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein under 28 U.S.C. §1331, this action being brought under the FLSA, 29 U.S.C. §201, *et seq.*

5. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper pursuant to 28 U.S.C. §1391(b) and (c) in the U.S. District Court for the Western District of Wisconsin because a substantial part of the events or omissions giving rise to the claim occurred within the district and Defendant MCFC has substantial and systematic contacts in this district.

## PARTIES

7. Defendant MCFC is a Wisconsin Corporation with a principal place of business located in Wauwatosa, Wisconsin. MCFC's registered agent for service of process in the State of Wisconsin is Kevin Collins located at 10201 West Innovation Drive, Suite 100, Wauwatosa, Wisconsin 53226.

8. Plaintiff Katy Paczkowski is an adult resident of Vernon County in the State of Wisconsin. Paczkowski is a former Care Manager of MCFC who worked from on or around November 11, 2017 to June 12, 2018. Paczkowski's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is attached as Exhibit A of this Complaint and is incorporated herein.

9. Plaintiff Paczkowski brings this action individually and on behalf of the Collective Class as authorized under the FLSA, 29 U.S.C. § 216(b). The **Collective Class** is defined as follows:

> All persons who are or have been employed by MCFC and who were Care Managers at any time since September 13, 2015.

10. Plaintiff Paczkowski brings this action individually and on behalf of the Wisconsin Class pursuant to FED. R. CIV. P. 23. The **Wisconsin Class** is defined as follows:

> All persons who are or have been employed by MCFC and who were Care Managers at any time since September 13, 2016.

11. The Collective Class and the Wisconsin Class shall be jointly referred to as the "The Classes" hereinafter.

## GENERAL ALLEGATIONS

12. Since September 13, 2015, MCFC, a managed care organization, has provided healthcare services through professional and community-based caregivers to seniors and adults with disabilities in order to provide their members customizable services that put the members in charge of their health and independence within the community.

13. Plaintiff Paczkowski and the Collective Class have been employed by MCFC at times since September 13, 2015.

14. Plaintiff Paczkowski and the Wisconsin Class have been employed by MCFC in the State of Wisconsin at times since September 13, 2016.

15. Since September 13, 2015, Plaintiff Paczkowski and the Collective Class have been paid on a salary basis during their employments at MCFC.

16. Since September 13, 2016, Plaintiff Paczkowski and the Wisconsin Class have been paid on a salary basis during their employments at MCFC.

17. Since September 13, 2015, Plaintiff Paczkowski and the Classes' provided MCFC's ongoing, day-to-day case management services for its members, which involved primary job duties including (1) meeting and working with new members to gather data for care assessments, (2) inputting data into the Resource Allocation Decision Making Tool in order to assess the members' needs and identify potential services, and (3) implementing the plan of care by arranging appointments, making referrals, and obtaining necessary authorization from members in order to meet the member's needs.

18. Since September 13, 2015, Plaintiff Paczkowski and the Classes' job duties were routine and rote and did not include the exercise of discretion and independent judgment with respect to matters of significance.

19. Since September 13, 2015, Plaintiff Paczkowski and the Classes have regularly worked in excess of forty hours per workweek.

20. Since September 13, 2015, MCFC knew that Plaintiff Paczkowski and the Classes to worked in excess of forty hours per workweek.

21. Since September 13, 2015, MCFC failed to compensate Plaintiff Paczkowski and the Classes at a rate of one and one-half times their regular rate for all overtime hours worked in excess of forty hours per workweek.

22. Since September 13, 2015, Plaintiff Paczkowski and the Classes have been and are entitled to receive overtime pay for all the hours worked in excess of 40 per workweek.

23. Since September 13, 2015, MCFC's practices as alleged herein have functioned to deprive Plaintiff Paczkowski and the Classes of compensation for all hours worked, including hours over forty in a workweek, in violation of the FLSA and Wisconsin law.

24. MCFC's failure to pay Plaintiff Paczkowski and the Classes' overtime compensation for hours worked in excess of forty in workweeks since September 13, 2015 was willful, dilatory, and unjust.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

25. Plaintiff Paczkowski and the Collective Class are and have been similarly situated, have and have had substantially similar pay provisions, and are and have been subject to MCFC's decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them for hours worked over forty per workweek. The claims of Plaintiff Paczkowski as stated herein are the same as those of the Collective Class.

26. Plaintiff Paczkowski and the Collective Class seek relief on a collective basis challenging, among other FLSA violations, MCFC's practices of misclassifying employees who worked as Care Managers, who were paid a salary, and who worked more than forty hours in at least one workweek over the past three years.

27.     The FLSA Section 216(b) Collective Class members are readily ascertainable. For purpose of notice and other reasons related to this action, their names, phone numbers, and addresses are readily available from MCFC. Notice can be provided to the Collective Class via first class mail to the last address known to MCFC and through posting at MCFC's locations in areas where postings are normally made.

## RULE 23 CLASS ALLEGATIONS – WISCONSIN

28.     Plaintiff Paczkowski brings her Wisconsin state law claims, pursuant to Wisconsin wage laws, under FED. R. CIV. P. 23 on behalf of the Wisconsin Class for violations occurring on or after June 13, 2016.

29.     The proposed Wisconsin Class members are so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the Parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of MCFC, upon information and belief, there are over 40 members in the proposed Wisconsin Class.

30.     Plaintiff Paczkowski' s claims are typical of those claims that could be alleged by any member of the Wisconsin Class, and the relief sought is typical of the relief that would be sought by each member of the Wisconsin Class in separate actions. The alleged claims arise out of the same corporate practice and/or policy of MCFC and MCFC benefited from the same type of unfair and/or wrongful acts as to each member of the respective Wisconsin Class. Plaintiff Paczkowski and the other

members of the Wisconsin Class have sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

31. Plaintiff Paczkowski is able to fairly and adequately protect the interests of the Wisconsin Class, has no interests antagonistic to the Wisconsin Class, and has retained counsel experienced in complex wage and hour class action litigation.

32. There are questions of fact and law common to the members of the respective Wisconsin Class that predominate over any questions affecting only individual members. The questions of law and fact common to the respective Wisconsin Class members and arising from MCFC's common actions include, without limitation, the following:

   a) Whether MCFC violated Wisconsin wage laws by failing to pay the Wisconsin Class members overtime compensation for all hours worked in excess of forty in a workweek; and

   b) The nature and extent of class-wide injury and the measure of damages for the injury.

33. A class action is superior to any other available methods for the fair and efficient adjudication of these controversies, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against a corporate defendant, particularly those plaintiffs with relatively small claims.

34. The questions set forth above predominate over any questions that affect only individual persons, and a class action is superior with respect to

considerations of consistency, economy, efficiency, fairness, and equity, to other available methods for the fair and efficient adjudication of the claims.

**FIRST CLAIM FOR RELIEF**
**Violations of the Fair Labor Standards Act – Unpaid Overtime Compensation**

35. Plaintiff Paczkowski, individually and on behalf of the Collective Class, reasserts and incorporates by reference all preceding paragraphs as if restated herein.

36. Since September 13, 2015, Plaintiff Paczkowski and the Collective Class have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §201 *et. seq.*

37. Since September 13, 2015, MCFC has been and continues to be an enterprise engaged in commerce within the meaning of 29 U.S.C. §203(s)(1).

38. Since September 13, 2015, Plaintiff Paczkowski and the members of the Collective Class have been employees within the meaning of 29 U.S.C. § 203(e).

39. Since September 13, 2015, MCFC has been an employer of Plaintiff Paczkowski and the Collective Class as provided under 29 U.S.C. § 203(d).

40. Plaintiff Paczkowski and the Collective Class are entitled to damages equal to overtime premium pay for all hours worked as a result of MCFC's policies and practices within the three years prior to the filing of this Complaint, plus periods of equitable tolling because MCFC acted willfully and knew or showed reckless disregard for whether its conduct was prohibited by the FLSA.

41. MCFC's failure to properly compensate Plaintiff Paczkowski and the Collective Class for all compensable work time was willfully perpetrated and Plaintiff Paczkowski and the Collective Class are therefore entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b).

42. Alternatively, should the Court find that MCFC did not act willfully in failing to pay overtime premium wages, Plaintiff Paczkowski and the Collective Class are entitled to an award of pre-judgment interest at the applicable legal rate.

43. Pursuant to FLSA, 29 U.S.C. §216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid overtime wages.

### SECOND CLAIM FOR RELIEF
### Violation of Wisconsin Law – Unpaid Overtime

44. Plaintiff Paczkowski, individually and on behalf of the Wisconsin Class, re-alleges and incorporates by reference all preceding paragraphs as restated herein.

45. Since September 13, 2016, Plaintiff Paczkowski and the Wisconsin Class were employees within the meaning of Wis. Stat. §§ 109.01 *et seq.*

46. Since September 13, 2016, Plaintiff Paczkowski and the Wisconsin Class were employees within the meaning of Wis. Stat. §§ 103.001 *et seq.*

47. Since September 13, 2016, Plaintiff Paczkowski and the Wisconsin Class were employees within the meaning of Wis. Stat. §§ 104.01 *et seq.*

48. Since September 13, 2016, Plaintiff Paczkowski and the Wisconsin Class were employees within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

49. Since September 13, 2016, Plaintiff Paczkowski and the Wisconsin Class were employees within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

50. Since September 13, 2016, MCFC was an employer within the meaning of Wis. Stat. §§ 109.01 *et seq.*

51. Since September 13, 2016, MCFC was an employer within the meaning of Wis. Stat. §§ 103.001 *et seq.*

52. Since September 13, 2016, MCFC was an employer within the meaning of Wis. Stat. §§ 104.01 *et seq.*

53. Since September 13, 2016, MCFC was an employer within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

54. Since September 13, 2016, MCFC was an employer within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

55. Since September 13, 2016, MCFC has employed, and/or continues to employ Plaintiff Paczkowski and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*

56. Since September 13, 2016, MCFC has employed, and/or continues to employ Plaintiff Paczkowski and the Wisconsin Class within the meaning of Wis. Stat. §§ 103.001 *et seq.*

57. Since September 13, 2016, MCFC has employed, and/or continues to employ Plaintiff Paczkowski and the Wisconsin Class within the meaning of Wis. Stat. §§ 104.01 *et seq.*

58. Since September 13, 2016, MCFC has employed, and/or continues to employ Plaintiff Paczkowski and the Wisconsin Class within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

59. Since September 13, 2016, MCFC has employed, and/or continues to employ Plaintiff Paczkowski and the Wisconsin Class within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

60. Since September 13, 2016, MCFC regularly and repeatedly failed to pay Plaintiff Paczkowski and the Wisconsin Class for all hours worked over forty and at a rate of one-and-a-half times their regular rates of pay.

61. Since September 13, 2016, MCFC had, and continues to have, common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay the Wisconsin Class overtime wages for all hours worked as a result of its illegal misclassification practice as described herein.

62. Wis. Stat. §109.03 requires payment of all wages earned by the employee to a day not more than 31 days prior to the date of payment.

63. The foregoing conduct, as alleged above, constitutes continuing, willful violations of Wisconsin's law requiring the payment of overtime wages.

64. As set forth above, Plaintiff Paczkowski and the Wisconsin Class have sustained losses in their compensation as a proximate result of MCFC's violations

incurred due to its misclassification practice. Accordingly, Plaintiff Paczkowski, individually and on behalf of the Wisconsin Class, seeks damages in the amount of their respective unpaid compensation, injunctive relief requiring MCFC to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper.

65. Under Wis. Stat. §109.11, Plaintiff Paczkowski and the Wisconsin Class are be entitled to civil penalties equal and up to fifty percent of their unpaid wages.

66. Plaintiff Paczkowski and the Rule 23 Wisconsin Class are entitled to the recovery of their attorneys' fees and costs incurred in this matter pursuant to Wis. Stat. § 109.03(6).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff Paczkowski, individually and on behalf of all members of the Collective Class and Wisconsin Class, hereby respectfully requests the following relief:

    a) At the earliest time possible, an Order designating this action as a collective action on behalf of the Collective FLSA Class and allowing issuance of notices pursuant to 29 U.S.C. §216(b) to all similarly-situated individuals;

    b) At the earliest time possible, an Order certifying this action as a FED. R. CIV. P. 23 class action on behalf of the proposed Rule 23 Wisconsin Class;

    c) At the earliest time possible, an Order appointing Hawks Quindel, S.C. as class counsel pursuant to FED. R. CIV. P. 23;

d) An Order designating Plaintiff Katy Paczkowski as the Named Plaintiff and as representative of the Rule 23 Wisconsin Class as set forth herein;

e) Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

f) Issuance of an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§2201-2202, declaring MCFC's actions as described in the Complaint as unlawful and in violation of Wisconsin Law and its applicable regulations;

g) An Order finding that MCFC violated the FLSA and Wisconsin wage and hour laws;

h) An Order finding that these violations are willful;

i) Judgement against MCFC in the amount equal to the Plaintiff's, the Collective FLSA Class', and the Rule 23 Wisconsin Class' unpaid wages at the applicable overtime premium rates;

j) An award in the amount of all liquidated damages and civil penalties as provided under Wisconsin law and the FLSA;

k) An award in the amount of all costs and attorney's fees incurred prosecuting these claims as well as pre-judgment and post-judgement interest; and

l) Such further relief as the Court deems just and equitable.

Dated this 13th day of September, 2018.

                                       Respectfully submitted,

                                       **HAWKS QUINDEL S.C.**

                                       By: *s/Summer H. Murshid*
                                            Larry A. Johnson, SBN 1056619
                                            Summer H. Murshid, SBN 1075404
                                            Timothy P. Maynard, SBN 1080953

**Hawks Quindel, S.C.**
222 East Erie Street, Suite 210
PO Box 442
Milwaukee, WI 53201-0442
Telephone: 414-271-8650
Fax: 414-271-8442
Email: ljohnson@hq-law.com
smurshid@hq-law.com
tmaynard@hq-law.com