## Settlement Agreement & Release

The Parties to this Settlement Agreement and Release ("Agreement") are Katy Paczkowski ("Paczkowski"), both individually and on behalf of the twenty-one (21) other individuals who have joined this matter by filing Opt-In forms with the Court pursuant to 29 U.S.C. § 216(b), and whose names appear on Exhibit A to this Agreement (the "Collective Class Members"), and My Choice Family Care, Inc. ("MCFC"). Paczkowski, the Collective Class Members, and MCFC are collectively referred to herein as the "Parties" or as a "Party."

## Recitals

WHEREAS, Paczkowski filed a Complaint against MCFC captioned, *Paczkowski v. My Choice Family Care, Inc.*, W.D. Wis. Case No. 18-cv-759 (the "Lawsuit") alleging claims for unpaid overtime wages in violation of the Fair Labor Standards Act ("FLSA") and the Wisconsin wage and hour laws;

WHEREAS, Paczkowski's allegations in the Lawsuit were later amended to remove the claims for unpaid overtime wages in violation of the Wisconsin wage and hour laws pursuant to the Court's order (ECF No. 37) issued after the completion of briefing on MCFC's Motion for Partial Dismissal of Plaintiffs' Complaint (ECF No. 12);

WHEREAS, after the Lawsuit was filed, the Parties stipulated to conditional certification of the 29 U.S.C. § 216(b) collective class and, accordingly, twenty-one (21) additional individuals filed Opt-In forms and thereby consented to assert their FLSA claims in the Lawsuit. This group has previously been defined as the "Collective Class Members";

WHEREAS, after the close of the Opt-In period for the 29 U.S.C.§ 216(b) collective class, the Parties agreed to engage in good-faith settlement discussions in an effort to resolve their disputed issues of fact and law and in order to minimize the costs of continued litigation;

WHEREAS, from the beginning of this matter up to and including the present, MCFC denies the allegations in Paczkowski's Complaint and denies any and all liability for the claims asserted against it in the Lawsuit;

WHEREAS, as part of the settlement process, MCFC has provided payroll and time data as well as other information relevant to Paczkowski and the Collective Class Members' allegations to Plaintiffs' Counsel, Hawks Quindel, S.C., so that Plaintiffs' Counsel could evaluate the claims at issue in order for the Parties to engage in good-faith negotiations;

WHEREAS, Hawks Quindel, S.C., has represented Paczkowski and the

1

Collective Class Members and negotiated on their behalves with MCFC at arm's length throughout this matter to ensure that Paczkowski and the Collective Class Members are properly compensated for time they allege they spent working for MCFC from September 1, 2016 through September 16, 2019;

WHEREAS, on September 16, 2019, Paczkowski and MCFC notified the Court that they had reached a settlement in principal to resolve the claims of Paczkowski and the Collective Class Members as alleged in the Lawsuit; and

WHEREAS, the Parties desire to fully and finally resolve this matter and avoid the costs, risks, and delays associated with continued litigation.

NOW, THEREFORE, in consideration of the above Recitals, which are hereby acknowledged to be true and correct and made a part of this Agreement, and for other good and valuable consideration, the receipt and sufficiency of which is hereby expressly acknowledged, the Parties agree as follows:

## I. General Terms of Settlement

A. In exchange for the Release of Claims set forth below and other promises contained herein, MCFC will, in accordance with the manner and timing provided for in Sections III(A)–IV(C), make payments to Paczkowski, the Collective Class Members, and Plaintiffs' Counsel, Hawks Quindel, S.C., in the amounts identified in Section III and Exhibit A to this Agreement.

B. Paczkowski understands and acknowledges that, although MCFC is entering into this Agreement and making the payments described herein, MCFC does not admit to any wrongdoing or any violation of Federal or State statutes, regulations or laws of any kind, including those cited in Section II.A. below, and expressly denies the same.

## II. Release of Claims, Acknowledgments, and Agreement to Cooperate

A. Paczkowski's Release of Claims.

Paczkowski hereby and forever completely releases and discharges MCFC from any and all claims of any kind, based on any act or omission that occurred up to the date of her execution of this Agreement including, without limitation, any claims which arise out of or are in any manner based upon or related to the employment relationship between Paczkowski and MCFC. Paczkowski's release of claims against MCFC, includes but is not limited to: (1) any wage claims pursuant to the FLSA, 29 U.S.C. § 201, et. seq., including any claim for retaliation pursuant to 29 U.S.C. § 215(a)(3), claims for liquidated damages, and Wisconsin's wage and hour laws, including

2

Wis. Stats. Chapters 103 and 109, and Wis. Admin Code Ch. DWD §§ 272 and 274; (2) any state common law wage claims, including, but not limited to, breach of contract (whether express or implied), promissory estoppel, unjust enrichment, and quantum meruit; (3) Title VII of the Civil Rights Act of 1964, as amended; (4) Section 1981 of the Civil Rights Act of 1866 (42 U.S.C. § 1981); (5) the Genetic Information Nondiscrimination Act; (6) the Americans with Disabilities Act, as amended; (7) the Equal Pay Act; (8) the National Labor Relations Act; (9) the Employee Retirement Income Security Act of 1974; (10) state or federal parental, family, and medical leave acts; (11) the Uniformed Services Employment and Reemployment Rights Act (USERRA), or any other local, state, or federal military and/or veterans rights act, or any other claim based on veteran status; (12) or arising under any other local, state or federal statute, ordinance, regulation or order, or which involve a claim or action for wrongful discharge, defamation, misrepresentation, violation of public policy, invasion of privacy, emotional distress, breach of contract (express or implied) and/or any other tort or common law cause of action. Notwithstanding the foregoing, nothing in this Agreement shall constitute a release by Paczkowski of any claim that cannot be released by law, any claim to enforce this Agreement, or any claim for retirement benefits to which Paczkowski has a vested interest as a result of her employment at MCFC.

B. Collective Class Members' Release of FLSA Claims.

Subject to the Court's approval of this Agreement, Collective Class Members hereby and forever completely release and discharge MCFC from any and all claims of any kind, based on any act or omission alleged in the Complaint and that occurred up to the date of this Agreement for: (1) any wage claims pursuant to the FLSA, 29 U.S.C. § 201, et. seq., including any claim for retaliation pursuant to 29 U.S.C. § 215(a)(3), claims for liquidated damages, and Wisconsin's wage and hour laws, including Wis. Stats. Chapters 103 and 109, and Wis. Admin Code Ch. DWD §§ 272 and 274; (2) any state common law wage claims, including, but not limited to, breach of contract (whether express or implied), promissory estoppel, unjust enrichment, and quantum meruit.

C. Acknowledgments and Agreement to Cooperate.

Paczkowski acknowledges and agrees that the amounts payable pursuant to this Agreement resolve bona fide disputes between the Parties regarding the payment of her overtime wages, liquidated damages, civil penalties, compensatory and punitive damages, as well

3

as legal fees and costs incurred in this matter. Paczkowski further agrees that this settlement represents fair and reasonable compensation for any unpaid wages she may have accrued during her employment with MCFC, inclusive of any claim for liquidated damages, and that MCFC does not owe her any further compensation or any other amounts for work performed during her employment with MCFC. Paczkowski further acknowledges and agrees she has been given sufficient time to read this Agreement and its attached Exhibits prior to her execution of it, understands its terms, and has consulted with Hawks Quindel, S.C., about the legal effects of this Agreement. Finally, Paczkowski agrees to direct her counsel, Hawks Quindel, S.C., to take any action necessary to ensure that the terms of this Agreement are fully carried out, and authorizes Hawks Quindel, S.C., to work cooperatively with counsel for MCFC to seek judicial approval of this Agreement, including preparation of any Court required pleadings.

### III. Settlement Payments

A.  Settlement Fund.

As consideration for the releases in Section II above, MCFC shall pay the total amount of $135,000.00 (the "Settlement Fund"). This Settlement Fund is inclusive of attorneys' fees and costs, liquidated damages, and a service payment to Paczkowski as described below. If the Settlement Agreement is not approved by the Court, MCFC will cease to have any obligation to pay or provide any portion of the Settlement Fund, the releases in Section II above will not be effectuated, and this matter will move forward in litigation.

B.  Allocation of the Settlement Fund.

1.  Service Payment - $5,000.00 of the Settlement Fund shall be allocated as a service payment to Paczkowski in recognition of her involvement in bringing this claim, her efforts to pursue a recovery on behalf of the Collective Class Members, and the assistance she provided Plaintiffs' Counsel in bringing this matter to resolution. MCFC will issue an IRS Form 1099 to Paczkowski for this service payment as so required by the law.

2.  Attorneys' fees and costs - $46,730.27 of the Settlement Fund shall be allocated as attorneys' fees and costs payable to Plaintiff's Counsel. $45,000.00 of that amount constitutes attorneys' fees with the remaining $1,730.27 representing costs incurred by Plaintiffs' Counsel in this matter.

4

3. FLSA Fund – The remaining $83,269.83 of the Settlement Fund shall be allocated to the FLSA Fund. Each Collective Class Member shall receive a check for his or her pro-rata share of the FLSA Fund in the amounts set forth for each such individual in Exhibit A to this Agreement. For tax purposes, one-half of each payment shall constitute unpaid wages and shall be subject to regular payroll withholdings. MCFC will report the unpaid wages portion to each Collective Class Member on an IRS Form W2. One-half shall be attributed to liquidated damages for which each Collective Class Member will receive an IRS Form 1099 from MCFC.

## IV. Settlement Approval Process.

A. Approval of Settlement.

The Parties will file with the Court, by no later than November 1, 2019, a Joint Motion for Approval of Collective Action Settlement, Dismissal, Entry of Mandatory Injunction, and an Award of Attorneys' Fees and Costs ("Joint Motion") as well as a Proposed Order (*see* Exhibit B), and a supporting brief, in a form mutually agreed to by the Parties. Plaintiff's Counsel will provide the first draft of these documents. A fully executed copy of this Agreement, with exhibits, will be attached to the Joint Motion. The Parties will cooperate and take all necessary steps to effectuate judicial approval of this Agreement. The joint motion will request the following relief:

1. Approval of the settlement terms memorialized in this Agreement as fair, reasonable, and adequate; and

2. Entry of a judgment against MCFC and a mandatory injunction requiring that MCFC make the payments provided for in herein.

B. Entry of Judgment and Mandatory Injunction.

If this Agreement is approved by the Court, an Order of Settlement directing the entry of judgment against MCFC, pursuant to Federal Rule of Civil Procedure 54(b), and a mandatory injunction shall be entered, in the form of Exhibit B.

C. Settlement Administration.

If the Court grants approval of this Agreement, the settlement will be administered by Plaintiffs' Counsel. The Parties agree to the following procedure for settlement administration:

5

1. Settlement Allocations. Individual settlement allocations shall be made in the amounts set forth in Exhibit A. Each check will indicate that it is void after one hundred and eighty (180) days.

2. Payment schedule. Within thirty (30) days following the Court's Order granting final approval of this Agreement, MCFC will deliver settlement checks totaling $135,000.00 to Plaintiffs' Counsel at Hawks Quindel, S.C., Attn: Summer H. Murshid, 222 E. Erie Street, Suite 210, Milwaukee, WI 53201. The settlement checks shall be allocated as provided in Exhibit A. Within seven (7) days of receiving these checks, Plaintiffs' Counsel will mail them to the Collective Class Members.

3. Cy pres. Any portion of the Settlement Fund that remains undeliverable or is otherwise not tendered within two hundred and ten (210) days after payment is delivered to Plaintiffs' Counsel as described in Paragraph IV.C.2. above shall be paid to The Employee Rights Advocacy Institute for Law & Policy, 2201 Broadway, Suite 310, Oakland, CA 94612. MCFC shall deliver to Plaintiffs' Counsel an accounting of unclaimed settlement funds (including name of recipient and amount of checks not tendered) within two hundred and twenty (210) days after such delivery of payments. Within seven (7) days of receiving the accounting, Plaintiffs' Counsel shall either approve or object to the accounting. Once approved by Plaintiffs' Counsel, MCFC shall send the cy pres payment to The Employee Rights Advocacy Institute for Law & Policy and provide a copy of such check to Plaintiffs' Counsel.

## V. Breach

If any Party breaches this Agreement, the non-breaching Party will notify the breaching Party of such breach and that Party shall have ten (10) calendar days from the date of such notice to cure any breach. Failure to cure a breach will result in the non-breaching Party bringing a motion for contempt for the breaching Party's failure to comply with the Court's mandatory injunction and if successful, the non-breaching Party shall be entitled to recover from the breaching Party any attorneys' fees and costs incurred resulting from the breach of this Agreement. The Parties consent to the Court's jurisdiction to enforce this Agreement and the mandatory injunction provided for by this Agreement and agree that Exhibit B satisfies the requirements of Fed. R. Civ. P. 65(d). The Parties agree that the payments contemplated herein cannot be discharged in bankruptcy or similar insolvency proceeding. Further, MCFC affirmatively states that it does not currently anticipate filing for bankruptcy or any similar insolvency proceeding, and has not retained counsel to file for or obtain advice regarding potentially filing for

bankruptcy or any similar insolvency proceeding.

## VII. Future Agreements to Arbitrate

MCFC reserves all rights to enter into arbitration agreements of the type that was the subject of the Supreme Court of the United States' decision in *Epic Systems v. Lewis* with current and future MCFC employees, as it deems appropriate. These agreements, which may be entered into at any time, will not affect the rights of Paczkowski or the Collective Class Members' under this Agreement and, accordingly, will not be the subject of any objection, opposing claims, or argument by Plaintiffs' Counsel in the Lawsuit. MCFC represents and warrants that Paczkowski and the Collective Class Members shall not be subjected to entering such an agreement as a term and/or condition of employment unless MCFC's other Care Managers are similarly subjected to entering such an agreement as a term and/or condition of employment.

## VIII. Governing Law

This Agreement shall be construed and interpreted in accordance with the laws of the State of Wisconsin.

## IX. Entire Agreement

This document and its Exhibits constitute the entire Agreement between the Parties with regard to the matters set forth herein, and supersedes any prior written or oral agreements. In entering into this Agreement, Paczkowski expressly acknowledges that she is not relying on advice from anyone from MCFC, including MCFC's principals, owners, or attorneys, or any other individual or entity other than her counsel at Hawks Quindel, S.C.

## X. Severability

If any provision of this Agreement shall be found invalid or unenforceable in whole or in part, that provision shall be deemed excised from this Agreement.

## XI. Counterparts

The Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties. The Agreement may be executed by electronic means, including DocuSign or a similar service and/or an image (.pdf) of a signature.

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement.

| | |
|---|---|
| 10/29/2019<br>Dated | DocuSigned by:<br>*katy Paczkowski*<br>—457C7240F0214E0...—<br>Katy Paczkowski on behalf of herself, and the Collective Class Members |
| 10/30/2019<br>Dated | *[signature]*<br>My Choice Family Care, Inc.<br>By: Maria Ledger<br>Its: Chief Executive Officer |