IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KATY PACZKOWSKI, individually and
on behalf of all others similarly situated,

                      Plaintiffs,

v.

MY CHOICE FAMILY CARE, INC.,

                      Defendant.

ORDER APPROVING
SETTLEMENT AGREEMENT

18-cv-759-slc

---

Before the court is the parties' Joint Motion for Final Approval of Settlement Agreement, Dismissal, Entry of Mandatory Injunction and an Award of Attorneys' Fees and Costs. Dkt. 56. Having carefully considered the parties' Settlement Agreement, including the Pro Rata Settlement Allocation set out in Exhibit A, along with the declarations and brief in support of the motion, (dkts. 57-61), the court finds as follows:

1. The Settlement Agreement constitutes a fair and reasonable resolution of a bona fide dispute between the defendant and the collective class members concerning whether the collective class members were appropriately categorized as exempt from overtime pay under the Fair Labor Standards Act of 1938;

2. The proposed service award of $5,000 to the named plaintiff, Katy Paczkowski, is fair and reasonable in light of Paczkowski's efforts on behalf of the collective class;

3. The requested attorney fee award is reasonable and fair compensation for counsel given the extent of work in representing the class and the result obtained, and is in line with the market rate for class action wage and hour litigation;

4. The requested costs of $1,730.17 are reasonable; and

5. Because the court will retain jurisdiction over this action for the purposes of monitoring and enforcing the Settlement Agreement until the entire settlement fund is disbursed, entry of a "mandatory injunction" is unnecessary.

Now, therefore, IT IS ORDERED:

1. The parties' Joint Motion for Final Approval of Settlement Agreement, dkt. 56, is GRANTED;

2. The parties' Joint Motion for an Award of Attorneys' Fees and Costs to plaintiff's counsel, dkt. 56, is GRANTED;

3. The parties shall abide by all terms of the Settlement Agreement, which are incorporated herein, and this Order;

4. By consent of the parties, the court will retain jurisdiction over this action for the purposes of monitoring and enforcing the Settlement Agreement until the entire settlement fund is disbursed;

5. The parties' motion for entry of a mandatory injunction is DENIED as unnecessary; and

6. Except as necessary to enforce the Settlement Agreement, this case is DISMISSED WITH PREJUDICE. Each party shall bear its own attorneys' fees and costs not otherwise provided for in the Settlement Agreement or this Order.

Entered this 12th day of November, 2019.

BY THE COURT:

/s/
_____
STEPHEN L. CROCKER
Magistrate Judge